BOCA CEIGA DEVELOPMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40446.   Promulgated March 22, 1932.

*Edward J. McGrath, C. P. A.,* for the petitioner.
*James K. Polk, Esq.,* and *Harold Noneman, Esq.,* for the respondent.

944

SMITH: The petitioner contends that its "books were kept substantially on the accrual basis, as evidenced by the fact that there are entries there for bills receivable, mortgages receivable, accounts payable and notes receivable." The books were submitted in evidence, and these have been carefully examined in the light of the returns filed. While there appear to be accounts designated as "receivable" and "payable," such accounts appear merely as memorandum records of such items as mortgages and notes and there do not appear therein accrued items of income and expenses, as the case may be, as such for either of the years before us. Much of the testimony in support of petitioner's contention that its books were on the accrual basis related to transactions of years not before us, but even then the items referred to were not shown to have been accrued as income or expense of the particular years. In other words, petitioner's books do not clearly reflect its income earned during the taxable period and expenses incurred in and properly attributable to the process of earning that income. To illustrate, petitioner's estimated gross profit from real estate sales in the year ended February 28, 1927, was $2,258.33, upon which there would have accrued certain commissions, assuming petitioner's contention respecting

commissions to be correct, but no amount was accrued therefor, and the books show under this account a payment of $2,500 to S. C. Abernethy on October 5, 1926, which amount was carried to profit and loss at the close of the fiscal year.. This item is deductible on the basis of receipts and disbursements, but not on the accrual basis, assuming that petitioner correctly states that this sum represents commissions based upon profits from sales, since the amount of the commission is greater than the amount of the estimated profit on the sales for the year. An accountant, who had audited petitioner's books and assisted in the preparation of the returns for the years under consideration, stated that these returns were made upon the same basis as shown by the books. The 1926 return bears the notation that it was made upon the cash receipts and disbursements basis except for small accruals for taxes on properties unsold, but there is no deduction on this return for taxes. After locating as far as possible the items appearing on the returns upon the books of account, we are satisfied that petitioner correctly stated in the returns that the returns were made on the basis of actual receipts and disbursements. The respondent's determination is upon that basis and is sustained.

Having found that petitioner was on a cash receipts and disbursements basis, the second issue requires no discussion, since petitioner does not contend that any portion of the alleged commissions was paid. However, it is to be noted that the minutes allegedly authorizing such commissions as compensation fail to show what action, if any, was taken upon the motion relating to such commissions. The respondent's disallowance of the claimed deduction is sustained.

The remaining issue is whether the respondent has correctly computed the profit realized in the fiscal year ended February 28, 1926, upon the sale of the Lake Maggiore land. The initial payment upon this sale consisted of 480 shares of the petitioner's capital stock, which the respondent has treated as cash to the extent of its " par value (also fair market value)" of $48,000. Petitioner contends that this was a capital transaction by which it acquired its own stock (which was then canceled), and that the value of this stock should not be considered in computing the profit upon the sale. We have heretofore held that a corporate taxpayer realizes neither gain nor loss upon the acquisition of its own stock. *Houston Brothers Co.*, 21 B. T. A. 804; *S. A. Woods Machine Co.*, 21 B. T. A. 818; *Schiller Piano Co.*, 23 B. T. A. 376. Since in the taxable year before us the petitioner received only shares of its stock it realized no gain, and upon the authority of those decisions its contention is sustained.

*Judgment will be entered under Rule 50.*